**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION AT LEXINGTON**

| | |
|---|---|
| **CHRISTOPHER D. WILLIAMSON,** | **CASE NO. 5:25-CV-298-KKC** |
| **Plaintiff,** | |
| **v.** | **OPINION and ORDER** |
| **CABINENT FOR HEALTH AND FAMILY SERVICES, et al.,** | |
| **Defendants.** | |

*** *** ***

This matter is before the Court on the Defendants' motion to dismiss Plaintiff Christopher D. Williamson's Complaint. (R. 24.) United States Magistrate Judge Edward B. Atkins issued a Report and Recommendation recommending that the Defendants' motion be granted and denied in part. (R. 28.) Both Parties have objected to portions of the Report and Recommendation. (R. 29; R. 32.) For the following reasons, the Defendants' motion is granted in part and denied in part.

## I.   FACTUAL BACKGROUND

The facts of this case are laid out in great detail in the Report and Recommendation. (R. 28.) The Court will briefly detail the facts relevant to the Parties' objections.

In January 2022, the Cabinet for Health and Family Services ("CHFS") imitated an investigation into Williamson based on allegations that he sexually abused R.W., his then-minor child ("the Investigation"). Defendants Richter and Riviello were the social workers responsible for R.W.'s case.

Williamson alleges that the Defendants are liable for their actions while investigating the sexual abuse allegations against him. He alleges that the Defendants initiated contact with his child regarding allegations against him without his knowledge; negotiated a

protection plan with Williamson's co-parent without his knowledge or participation; interviewed him without explaining the allegations, his right to counsel, or the existence of the protection plan; failed to notify him that dependency proceedings had been initiated; did not serve him with the juvenile petition; excluded him from hearings; and denied access to R.W.'s medical records. (*Id.* at 3.)

Williamson asserts five claims for relief under 42 U.S.C. § 1983 based on alleged violations of the Fourth and Fourteenth Amendments, as well as a supervisory liability claim against Defendants Kingsland, Collins, and Hmieleski. (R. 12 at 7–9.) CFHS moved to dismiss Williamson's complaint in its entirety. Upon referral to United States' Magistrate Judge Atkins (R. 4), he recommends that all claims, except for William's substantive due process claim, be dismissed. (R. 28 at 22.) Both parties filed an objection to this recommendation. (R. 29; R. 32.)

## II.    LEGAL STANDARD

A report and recommendation on a pretrial dispositive motion referred to a magistrate judge is reviewed by a district court de novo. *Baker v. Peterson*, 67 Fed. Appx. 308, 310 (6th Cir. 2003) (citation omitted). Likewise, timely objections to a magistrate's report and recommendation are reviewed de novo. 28 U.S.C. § 636; Fed. R. Civ. P. 72. Such objections must be "specific" as "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354 (6th Cir. 2001) (citing *Miller*, 50 F.3d at 380).

## III.   ANALYSIS

The Defendants objects to the Magistrate Judge's recommendation regarding the substantive due process claim. (R. 29.) Williamson objects to many aspects of the Report and Recommendation. (R. 32 at 1.) The Court will address each objection in turn.

### A.  The Defendants' Substantive Due Process Objection

The Magistrate Judge recommends that Williamson's substantive due process claims against Defendants Riviello and Richter should not be dismissed. His recommendation provides the following:

> Here, Williamson alleges that Defendants Richter and Riviello acted in bad faith during the course of the Investigation and in initiating the Proceedings by: (i) concealing the results of the Investigation into Williamson (i.e., that the allegations were unsubstantiated) for three months, during which time Williamson's spouse "obtained a no-contact order," which was then used as a basis on which to initiate the Proceedings; (ii) "document[ing] actions they did not perform" to cover their alleged misconduct and failure(s) to properly notify him of the results of the Investigation; and (iii) withholding "exculpatory evidence while strategically using that same evidence against" Williamson during the Proceedings. [R. 12 at pgs. 4–6; R. 26 at pgs. 3–9]. Taken as true, these allegations of bad faith against Richter and Riviello would constitute a violation of his parental rights. Accordingly, his substantive due process claims against those Defendants should not be dismissed.

(R. 28 at 16.) The Magistrate Judge bases this outcome on the Sixth Circuit's recognition that state actors can be liable for their actions in removal proceedings if the plaintiff alleges a bad-faith investigation. (*Id.*)

The Defendants move to dismiss Williamson's substantive due process claim in its entirety. (R. 29 at 4.) They argue that Williamson had no entitlement to a particular investigative outcome or timeline, so any allegation that Defendants withheld information fails on that basis. (*Id.* at 2.) Defendants further contend that the DVO was issued by an independent court and therefore cannot be attributed to any of the Defendants. (*Id.* at 3.) Although the latter point is correct, the Defendants' objection misconstrues the Magistrate Judge's recommendation.

The Defendants do not confront the core issue: the alleged bad-faith conduct by Riviello and Richter. That alleged bad faith is central to Williamson's substantive due process claim. At the motion to dismiss stage, the Court must accept a plaintiff's factual allegations as true. Williamson specifically alleges that Riviello and Richter conducted a bad-faith

3

investigation by withholding exculpatory evidence while strategically using that same evidence against him. (*See* R. 12 at 4–6.) The Defendants do not directly challenge this allegation. As pleaded, it is sufficient to survive a motion to dismiss, and the claim will proceed to discovery. Accordingly, the Defendants' objection is overruled.

### B. Williamson's Objections

Williamson objects to the dismissal of his procedural due process, equal protection, and Fourth Amendment claims; as well as the dismissal of Defendant Bianca Harrison in relation to the supervisory liability claim. (R. 32 at 1.) Williamson also highlights three facts cited in the Report and Recommendation that he believes are misconstrued. (*Id.*) The Court takes note of these corrections and will consider the facts as alleged by Williamson.

### i. Procedural due process

Williamson objects to the dismissal of his procedural due process claim on the grounds that the Magistrate Judge answered a narrower question than the one plead. (*Id.* at 3.) The Magistrate Juge recommends dismissing this claim on the grounds that it is the Kentucky Courts' obligation, and not the Defendants, to notify the parties of a dependency action. (R. 29 at 14–15.) Williamson argues that the Department of Community Based Services ("DCBS") bore an independent obligation to exercise reasonable diligence to locate and serve him. (*Id.*) Notably, Williamson cites no law requiring DCBS to serve or notify parties.

Sustaining Williamson's objection would be contrary to the law. Ky. Rev. Stat § 620.070 provides that it is the Clerk of Court and Sheriff's duty to serve process, and that the Cabinet for Health and Family Services ("CHFS") is explicitly not allowed to. DCBS is a sub-agency of CHFS. *See* Ky. Rev. Stat. § 194A.030(7). Necessarily, § 620.070 prohibits DCBS from serving Williamson.

Further, Williamson cites *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306 (1950) to argue that DCBS had an obligation to serve him. *Mullane* is the Supreme Court's

landmark service of process case, which sets the constitutional standard for notice: it must be "reasonably calculated" to reach the interested party. *Id.* at 314. *Mullane* does not have anything to do with child custody measures, and has no relation to Kentucky's Department of Community Based Services. Rather, the constitutional requirement for service set forth in *Mullane* is effectuated by § 620.070. That provision ensures that a court, not any department or agency, gives service "in a manner reasonably calculated to give actual notice." *Id.* Because Williamson does not cite a specific directive mandating DCBS to serve him, his procedural due process claim fails. Accordingly, Williamson's objection is overruled.

### ii. Equal protection

Williamson objects to the Magistrate Judge's recommendation that the equal protection claim be dismissed. The Magistrate Judge applied the "class-of-one" equal protection theory and determined that Williamson and his wife were differently situated, because Williamson had a no-contact order against him at the time of the proceedings. (R. 28 at 17–18.) Williamson argues that there is no evidence that the no-contact order existed, and that ambiguities should be construed in his favor at this stage. (R. 32 at 4–5.)

Williamson's Equal Protection Clause argument fails for a similar reason as his procedural due process argument. He specifically states that the "differential treatment" incurred was "serving one parent but not the other." (R. 26 at 21.) Assuming his allegations about being unable to participate in the proceedings were true, his claim still fails to state a claim for which this court can grant relief. As stated in the previous section, it was the state court's duty, not the Defendants', to notify Williamson of the proceedings. Because Williamson cannot attribute his alleged differential treatment to a specific defendant, his Equal Protection claim fails. Accordingly, the Court will overrule this objection.

### iii.  Fourth Amendment

The Magistrate Judge recommends that Williamson's Fourth Amendment Claim fail because (i) there is no violation when removing child custody is done pursuant to a court order and (ii) Williamson fails to connect a specific defendant to the alleged violation. (R. 28 at 19.)

Williamson objects to this recommendation, arguing that the Administrative Office of the Courts' form underling the removal order was incomplete as it left blank the checkbox that he was supposed to mark. (R. 32 at 5.) But Williamson never explains how that omission itself invalidated the court order, or how this alleged conduct amounts to a Fourth Amendment violation. Even if the Court construed his objection that way, the argument still fails because it does not tie the alleged defect to any defendant's conduct.

Williamson attempts to address this by blaming Rivello, citing her March 2022 interview, July 2025 testimony, and her role in withholding R.W.'s records. (*Id.*) However, Williamson does not explain how any of those actions constituted a Fourth Amendment violation. At most, Rivello's conduct is tangentially related to the court order. This allegation does not establish a plausible Fourth Amendment claim. Accordingly, Williamson's objection is overruled.

### iv.  Dismissal of Defendant Harrison

Williamson's final objection concedes that his complaint fails to state a supervisory liability claim against Defendants Harrison, Kingsland, Collins, and Hmieleski. (*Id.* at 6.) Williamson states that a factual basis for the claim against Defendant Harrison does exist, so he requests the court dismiss the claim without prejudice and he be allowed to amend his complaint. (*Id.*)

Pursuant to Federal Rule of Civil Procedure 15, the Court must "freely" give the plaintiff leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). In

determining whether justice requires the amendment, the Court should consider the circumstances, including "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the amendment." *Pittman ex rel. Sykes v. Franklin*, 282 F. App'x 418, 425 (6th Cir. 2008) (quoting *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458–59 (6th Cir. 2001)). "Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Wade,* 259 F.3d at 458–59. Williamson's objection fails for multiple reasons.

First, Williamson's request is futile. "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005). His Objection seeks to find Defendant Harrison liable on a supervisory liability theory. (R. 32 at 6.) He states that the Report and Recommendation dismissed this claim against Defendant Harrison. (*Id.*) However, the record reveals that this is inaccurate. The Report and Recommendation addressed the supervisory claims against Defendants Kingsland, Collins, and Hmieleski. (R. 28 at 19.) It did not address such a claim against Defendant Harrison, because Williamson does not allege that she is a supervisor. In fact, His complaint alleges that Harrison was a caseworker, who was supervised by Defendants Kingsland, Collins, and Hmieleski. (R. 12 at 8.) Even if Williamson's Complaint added the specific details of Harrison's conduct, it would not survive a motion to dismiss because Defendant Harrison necessarily cannot be liable on a supervisory liability theory.

Second, Williamson's request fails to meet the Rule 15 standard. In this case, Williamson has already sought leave to file an amended complaint. (R. 9.) In his first motion, he stated that leave was needed to name all proper defendants and to consolidate all related allegations. (*Id.* at 1.) At that point in time, the Defendants had yet to be served and the case

was less than two months old. (*See id.*) Now, the case is nearly one year old and has been through a full round of motion practice, a report and recommendation, and objections. Williamson's stated basis for amending his complaint is that "concrete factual bases for a claim against Defendant Harrison" exist. (R. 32 at 6.) Williamson cites a list of things, including her visit to Plaintiff's former residence, her representation that Plaintiff was not present, and her acknowledgement that she did not search for his address. (*Id.*) Williamson admits that these facts were not developed in his Amended Complaint, but he does not state why he could not have added these facts in sooner. (*Id.*)

Given this record, the Defendants would be prejudiced if they have to expend serious resources to litigate issues that could have been brought up previously. Williamson had two opportunities to plead these facts, and is now asking for a third amendment nearly a year after his original filing. Accordingly, the Court will dismiss his supervisory liability claims with prejudice and deny him leave to re-file.

## IV.  CONCLUSION

For the aforementioned reasons, the Court hereby **ORDERS** the following:

1) The Defendants' Motion to Dismiss (R. 24) is **GRANTED** in part and **DENIED** in part as follows:

   a. All claims against CHFS are **DISMISSED**;

   b. All claims against the Individual Defendants in their official capacities are **DISMISSED**;

   c. All claims against Defendants Kingsland, Collins, Hmieleski, and Harrison in their individual capacities are **DISMISSED**; and

   d. Williamson's Fourteenth Amendment Substantive Due Process claims against Richter and Riviello in their individual capacities **REMAIN PENDING**, but

that all other claims against them in their individual capacities are **DISMISSED**;

2) The Magistrate Judge's Report and Recommendation (R. 28) is **ADOPTED** as the Opinion of this Court, except for the three corrections in the record noted by Plaintiff;

3) The Defendants' Objection (R. 29) to the Report and Recommendation is **OVERRULED**; and

4) The Plaintiff's Objections (R. 32) to the Report and Recommendation are **OVERRULED**.

As a result of this Opinion, the sole remaining claim in this action is the Fourteenth Amendment Substantive Due Process claims against Defendants Richter and Riviello.

This 30th day of July, 2026.

**Signed By:**

**_Karen K. Caldwell_**

**United States District Judge**